[Sac. No. 396. Department One—June 27, 1898.]

## LAFAYETTE EASTLICK et al., Respondents, v. H. D. WRIGHT et al., Appellants.

INJUNCTION—DESCRIPTION OF MINING CLAIM—VARIANCE—APPEAL.—In an action to enjoin the obstruction of a creek by a dam to the injury of a mining claim of plaintiffs, where the mining claim is described in the complaint as "the Island," and in the findings by metes and bounds, upon an appeal based upon the pleadings, findings, and judgment, without the evidence, error to invalidate the judgment cannot be presumed, and it cannot be held that there is any inconsistency between the two descriptions, or any variance between the complaint and findings.

ID.—CROSS-COMPLAINT—DUMPING OF TAILINGS—USE OF WATER—FINDINGS OUTSIDE OF ISSUES.—Where the cross-complaint of the defendants complained only of the dumping of tailings and debris from plaintiffs' mining claim upon the mining ground of defendants, the right of the plaintiffs to use surplus water from another claim and to pass it as water from their ground into the waterway of the creek, and thereby

to increase the servitude upon defendants' ground, not being pre-
sented by the pleadings as a cause of action, is not involved, and
findings as to such use and running into the creek of surplus water
are outside of the material issues in the case, and are not ground for
reversal of a judgment for the plaintiffs.

ID.—JUDGMENT—MATTERS NOT LITIGATED—MODIFICATION.—Where the court,
in addition to giving to plaintiffs a judgment for the relief sought
and denying to defendants the relief asked by the cross-complaint,
proceeded to prescribe the line of conduct to be followed in the
future by the parties to the litigation as to the manner of dealing
with tailings, and as to the use of the creek and the *pro rata*
expense of keeping it in condition for the purpose of carrying off the
tailings, such matters not being involved in the litigation and no
such relief being sought by the pleadings, the judgment must be
modified by striking the additional directions therefrom.

APPEAL from a judgment of the Superior Court of Siskiyou
County. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

James F. Farraher, and John H. Magoffey, for Appellants.

Gillis & Tapscott, Warren & Taylor, I. A. Reynolds, and
George D. Butler, for Respondents.

GAROUTTE, J.—This is an action brought to enjoin the
defendants from placing a dam in the waterway known as Oro
Fino creek, and for damages occasioned by such obstruction.
Defendants made denials of the allegations of the complaint,
and also filed a cross-complaint asking for an order restraining
plaintiffs from the improper use of Oro Fino creek, in covering
the dumping ground of defendants with debris in the nature
of tailings. Judgment went for plaintiffs, and this case is before
us on the pleadings, findings of fact, and judgment.

A certain mining claim of plaintiffs is described in the com-
plaint as "the island." The finding of fact made by the trial
court describes a certain piece and parcel of mining ground
owned by plaintiffs, by metes and bounds. Appellants now
insist that there is a variance between the pleading and the
finding as to the particular tract of mineral ground covered
by these descriptions. Upon inspection of the two descriptions
no variance is apparent. Both descriptions may cover the same
tract. There is nothing inconsistent in the two to prevent it.

The evidence taken at the trial is not before us; and upon the face of the pleading and of the finding no variance is shown. Error to invalidate the judgment cannot be presumed.

Objection is made by appellants to a finding of fact to the effect "that plaintiffs ran, without the consent of defendants, about three hundred inches of water from the Samuel R. Gardner mining claim, after Gardner's use of the water, through plaintiffs' flumes and into the waterway of Oro Fino creek." This finding of fact is possibly outside of the material issues in the case. By their cross-complaint appellants make complaint of the tailings and debris plaintiffs were dumping upon their ground. That is the issue upon which they sought relief. Water is not tailings and debris, and the right of plaintiffs to pass this three hundred inches of water over their claim and into Oro Fino creek is not presented by the pleadings as a cause of action. Defendants by their brief insist that such act of plaintiffs amounts to a substantial increase of the servitude resting upon their lands, but, as suggested, the character and nature of the servitude resting upon their lands in favor of plaintiffs is not the subject matter of the litigation, and is outside the pleadings. Especially must this be so as to any mere question pertaining to the amount of water passing from plaintiffs' land into the Oro Fino creek.

By this judgment the trial court gave the plaintiffs the relief sought, and denied defendants the relief asked by their cross-complaint. The court did not stop here, but proceeded to prescribe the line of conduct to be followed in the future by all parties to the litigation as to the manner of dealing with the tailings of their respective mines, and as to the use of Oro Fino creek, and the *pro rata* expense of keeping that creek in condition for the purpose of carrying off the tailings of these mines. Those matters are not involved in the litigation; no such relief is sought by the pleadings.

All those directions and decrees set out in the judgment, embraced in folios 251 to 254, inclusive, as appears by the transcript, are stricken therefrom, and the judgment is modified to that extent. As so modified, it is ordered that the judgment be affirmed.

Harrison, J., and Van Fleet, J., concurred.